IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-159-DCK

| | |
|---|---|
| CHRISTENE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| J.S. & T.S., LLC d/b/a | ) |
| NORTH CROSS LANES, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Partial Summary Judgment" (Document No. 28). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion in part and deny the motion in part.

### I. PROCEDURAL BACKGROUND

Plaintiff Christene Jones ("Plaintiff" or "Jones") filed the "Complaint" (Document No. 1) initiating this lawsuit on April 8, 2010. Plaintiff alleges that Defendant J.S. & T.S., d/b/a North Cross Lanes ("Defendant" or "North Cross") was negligent in operating and maintaining its bowling alley. (Document No. 1). Specifically, Plaintiff asserts that "[a]s a direct and proximate result of Defendant's negligence, the Plaintiff was injured and damaged, physically and emotionally, and is entitled to recover of Defendant an amount in excess of" seventy-five thousand dollars ($75,000.00). (Document No. 1, pp.5-6). Defendant filed its "Answer" (Document No. 6) on May 3, 2010, denying Plaintiff's allegations and asserting affirmative defenses of: (1) contributory negligence and (2) assumption of risk.

The parties attempted to resolve this lawsuit through mediation on March 25, 2011, but were unsuccessful. (Document No. 25). Following multiple extensions of time, the discovery period in this matter closed on or about July 30, 2011. (Document No. 27).

On September 1, 2011, "Plaintiff's Motion For Partial Summary Judgment" (Document No. 28) was timely filed. Plaintiff's instant motion contends that Defendant's affirmative defenses fail, and that judgment as a matter of law should be entered in favor of Plaintiff on contributory negligence and assumption of risk. (Document No. 28). "Defendant's Memorandum Of Law Opposing The Plaintiff's Motion For Summary Judgment" (Document No. 32) was filed on September 22, 2011. "Plaintiff's Reply Memorandum Of Law In Support of Plaintiff's Motion For Partial Summary Judgment" (Document No. 36) was filed on October 3, 2011. As such, this matter is now ripe for disposition.

## II. FACTUAL BACKGROUND

The underlying event to this lawsuit is Plaintiff's fall on May 22, 2007, at North Cross Lanes in Huntersville, North Carolina, while participating in the 2007 United States Bowling Congress Women's Championship. (Document No. 29, p.1). On that date, Plaintiff arrived at North Cross with her teammates Norrie Buckley, Ruann Sexton, Jean Hayes, Arrelene Reeves and Terry Rowden ("teammates") at about 8:30 a.m. (Document No. 29, p.3). Plaintiff and her teammates checked in with United States Bowling Congress ("USBC") officials, went to their assigned bowling lanes 21 and 22, and prepared for the competition. Id. Another team, Magical Five, was assigned to the same lanes. Id. During a practice period, Magical Five first threw balls on lane 21, and Plaintiff's team threw on lane 22. Id.

According to Plaintiff, members of Magical Five made several complaints that bowlers were sticking on the approach to lane 21. (Document No. 29, p.4). Plaintiff contends that a member of

2

the Magical Five team notified North Cross of the problem, and that an employee of the bowling alley was sent to clean the approach area to lane 21. Id. Purportedly, after the first attempt to clean the lane there was still an issue with the approach, which one of Plaintiff's teammates reported to the front desk. Id. An employee again attempted to clean the area one or two more times. Id. After the second or third attempt to clean the approach, Plaintiff contends that an employee of North Cross told her to test it. Id. When Plaintiff attempted to throw the ball, she allegedly hit a "sticky foreign substance" which caused her foot to stick instead of slide, and she fell forward landing on her wrist. (Document No. 29, pp.4-5). As a result of the fall, Plaintiff's right wrist was fractured. (Document No. 29, p.5).

The basic facts are not in dispute, with the notable exception that Defendant contends that no employee of North Cross has been identified who acknowledges either a complaint about the approach to lane 21, or attempting to clean the approach to lane 21, *prior* to Plaintiff's fall. (Document No. 32, p.3). Defendant further contends that the employees on duty who would have been notified of a sticky substance on a lane approach have specifically testified that they did not know of a problem or attempt to clean Plaintiff's approach area, prior to the accident. (Document No. 32, p.2). Defendant also contends that no employee or volunteer of USBC has been identified who acknowledges any complaint about the condition of the lane 21 approach prior to Plaintiff's accident. (Document No. 32, p.3). Defendant notes that Plaintiff "did not do anything to inspect the approach area or verify that the sticky substance had been removed before she bowled." (Document No. 32, p.2).

### III. STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

3

as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once the movant's initial burden is met, the burden shifts to the nonmoving party. Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. At summary judgment, it is inappropriate for the court to weigh evidence or make credibility determinations. Id.

## IV. DISCUSSION

The object of "Plaintiff's Motion For Partial Summary Judgment" is to have both of Defendant's affirmative defenses dismissed in their entirety. (Document No. 28, p.2). The undersigned will analyze the parties' contentions as to each of these defenses separately.

**A. Contributory Negligence**

First, Plaintiff contends that she is "entitled to summary judgment on the issue of contributory negligence as Defendant is unable to prove that certain acts or conduct of the Plaintiff constituted contributory negligence as a matter of law." (Document No. 29, p.6). The undersigned,

4

however, is not persuaded that Defendant must prove contributory negligence at this stage of the litigation; rather, as Plaintiff notes in her memorandum, "the [p]arty seeking summary judgment *bears the burden* of initially coming forward and demonstrating the *absence* of a genuine issue of material fact." (Document No. 29, p.5) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (emphasis added)). The undersigned does not find that Plaintiff has met her burden in this instance.

"The standard by which contributory negligence is judged is that of a reasonable person." Taylor v. Sandbank, 2011 WL 1238289 at *4 (N.C.App. Apr. 5, 2011) (citing Nelson v. Novant Health Triad Region, 159 N.C.App. 440, 445 (2003)). Or, as Plaintiff states it, "the care an ordinarily prudent person would have exercised under the same or similar conditions to avoid injury." (Document No. 29, p.7) (citing Culler v. Hamlett, 148 N.C.App. 372, 377 (2002)).

"In a case dealing with a plaintiff's injury from slipping and falling '[t]he basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety.'" Kelly v. Regency Centers Corp., 691 S.E.2d 92, 95 (N.C.App. Apr. 6, 2010) (quoting Duval v. OM Hospitality, LLC, 186 N.C.App. 390, 395, 651 S.E.2d 261, 265 (2007)). "The question is not whether a reasonably prudent person would have seen the [hazard] had he or she looked but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the [ground where the hazard existed]." Taylor, 2011 WL 1238289 at *4 (quoting Norwood v. Sherwin–Williams Co., 303 N.C. 462, 468, (1981)). "Consequently, the question before us is whether, considering all of the circumstances and any precautions taken by plaintiff, a reasonable person would have acted as plaintiff did." Id. (quoting Tyburski v. Stewart, 694 S.E.2d 422, 425)).

In this case, the undersigned is not persuaded that Plaintiff has demonstrated the absence of any genuine issues of material fact related to Defendant's affirmative defense of contributory

5

negligence. To the contrary, viewing the facts in the light most favorable to the non-movant, there are several issues that are either unexplained or in dispute, including: (1) what was the alleged "sticky substance" on the approach to lane 21; (2) how did the substance get there; (3) to whom did the bowlers report or complain about the substance; (4) what efforts were made to clean the approach; (5) who attempted to clean the approach; (6) how many times was the approach cleaned prior to Plaintiff's accident; (7) who told Plaintiff it was safe for her to bowl; (8) what was the effect, if any, of bowling in brand new shoes; and (8) when did Defendant first become aware of an alleged problem with the lane 21 approach area.

Moreover, Plaintiff's briefs make clear that she was well aware that there were concerns about the approach to lane 21, and yet, she proceeded to attempt to bowl without inspecting the area of concern herself. There is evidence that Plaintiff and many of her teammates would ordinarily feel out an approach area to make sure nothing is there as part of their warm-up procedure. (Document No. 32, p.5, Document No. 32-1, p.11). Thus, the undersigned finds that there is at least a genuine issue as to whether a reasonable, or ordinarily prudent, person would have inspected the approach area to lane 21, especially where as here, there was known to be an allegedly sticky substance that had been difficult to remove.

Based on the foregoing, as well as the well established principle that issues of contributory negligence are rarely appropriate for summary judgment, the undersigned will deny Plaintiff's motion as to this affirmative defense. See Fontenot v. Taser International, Inc., 3:10cv125-RJC-DCK, 2011 WL 2535016 at *12 (citing Lamm v. Bissette Realty, Inc., 327 N.C. 412, 418 (1990)). The Supreme Court of North Carolina's finding in Lamm is applicable to the instant case:

> questions of proximate cause and plaintiff's contributory negligence in this case are properly jury questions. . . . The issues of proximate cause and contributory negligence are usually questions for the jury.

> . . . As the Court of Appeals noted, "[p]laintiff may not know exactly why she fell, but she did fall." . . . Whether her fall and subsequent injuries were the result of defendants' negligence or the result of plaintiff's own negligence is a jury question not suitable, under the evidence here, for summary judgment.

Lamm, 327 N.C. at 418. (Citations omitted).

### B. Assumption of Risk

Next, Plaintiff argues that an assumption of risk defense should not be available to this Defendant. (Document No. 29, pp.10-12). In most pertinent part, Plaintiff argues that pursuant to North Carolina law it is well established that a defense of assumption of risk is not available to one who is not in a contractual relationship with the plaintiff. (Document No. 29, pp.10-11). Plaintiff argues that Defendant has failed to allege any contractual relationship between itself and Plaintiff. Id. Plaintiff further asserts that the only contract in effect was between USBC and North Cross. Id.

In response, Defendant again fails to allege any contractual relationship with Plaintiff. (Document No. 32). Instead Defendant contends that Plaintiff suggests she has a third-party beneficiary status to USBC's contract with Defendant. (Document No. 32, pp.15-16). Defendant argues that "[e]ither there is no third-party beneficiary status and there is no assumption of risk defense, or there is a third-party status and there is a viable assumption of risk defense." Id.

Plaintiff's reply brief clarifies the fact that she does not claim to be a third-party beneficiary to the contract between USBC and North Cross, and re-asserts that she has "no enforceable contractual relationship with North Cross that would support an assumption of risk defense." (Document No. 36, pp.16-17).

In short, the parties seem to agree that a contractual relationship is necessary for an assumption of risk defense and that these parties were not in a contractual relationship. See Allred v. Capital Area Soccer League, Inc., 194 N.C.App. 280, 290 (2008) (citing Goode v. Barton, 238

7

N.C. 492, 496 (1953) and <u>Cobia v. R. R.</u>, 188 N.C. 487, 491 (1924)) ("In North Carolina, the doctrine of assumption of risk has been generally limited to cases where there was a contractual relationship between the parties."). The undersigned will therefore conclude that there is no genuine issue of fact on this issue, and that summary judgment is appropriate as to this defense.

## V.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Partial Summary Judgment" (Document No. 28) is **GRANTED** in part and **DENIED** in part, as described herein.

Signed: October 7, 2011

David C. Keesler
United States Magistrate Judge